07-1187-ag
Ragbir v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of August, two thousand ten.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
           GERARD E. LYNCH,
                 *Circuit Judges.*
-------------------------------------------------------------
RAVIDATH RAGBIR,
                 *Petitioner,*


                 v.                                          No. 07-1187-ag

ERIC HOLDER, U.S. ATTORNEY GENERAL,
                 *Respondent.*
-------------------------------------------------------------

APPEARING FOR PETITIONER:      ADA AÑON and JULIE MAO, Legal Interns (Alina Das, *on the brief*), Washington Square Legal Services, Inc., New York, New York.

FOR RESPONDENT:                Tony West, Assistant Attorney General, Terri J. Scadron, Assistant Director, Manuel A. Palau, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA" or "Board") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ravidath Ragbir, a native and citizen of Trinidad and Tobago, seeks review of a March 14, 2007 order of the BIA affirming the August 4, 2006 decision of the Immigration Judge ("IJ") finding him removable as an aggravated felon pursuant to subsections M and U of section 101(a)(43) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101(a)(43)(M), (U). See In re Ravidath Lawrence Ragbir, No. A044 248 862 (B.I.A. Mar. 14, 2007), aff'g No. A044 248 862 (Immig. Ct. N.Y. City Aug. 4, 2006); see also 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").

Although federal courts generally lack jurisdiction to review final agency orders of removal based on an alien's conviction of an aggravated felony, see Vargas-Sarmiento v. U.S. Dep't of Justice, 448 F.3d 159, 164 (2d Cir. 2006), we retain jurisdiction to review constitutional claims or questions of law, including whether a specific conviction constitutes an aggravated felony, which we review de novo, see 8 U.S.C. § 1252(a)(2)(D); Almeida v. Holder, 588 F.3d 778, 783 (2d Cir. 2009). Where, as here, the BIA issues an opinion, that opinion becomes the basis for our review. See Dong Gao v. BIA, 482 F.3d 122, 125 (2d Cir. 2007). We review the IJ's reasoning only to the limited extent it was adopted by the BIA.[1]

_____

[1] Contrary to the government's argument, this is not a case where the BIA adopted the IJ's reasoning and offered additional commentary. Cf. Mahmood v. Holder, 570 F.3d 466,

2

See generally Ming Xia Chen v. BIA, 435 F.3d 141, 144 (2d Cir. 2006) (discussing BIA's various "techniques in affirming IJ decisions" and corresponding scopes of appellate review). In applying these standards, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

### 1.    The Aggravated Felony Determination

Ragbir was convicted, following a jury trial, of six counts of wire fraud and one count of conspiracy to commit wire fraud, see 18 U.S.C. §§ 1343, 371, arising from a scheme to defraud the Household Finance Corporation ("HFC"), an Illinois-based lending institution, by procuring fraudulent loans. Ragbir does not challenge the fact of his conviction. Rather, he contends that the government failed to demonstrate by clear and convincing evidence that his crimes caused losses of more than $10,000, as required to render him an aggravated felon under 8 U.S.C. § 1101(a)(43)(M), (U) (classifying as aggravated felony any offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000" or any attempt or conspiracy to commit such an offense).[2]   Ragbir challenges the agency's

_____

469 (2d Cir. 2009). Rather, the BIA issued an independent opinion, relying on the IJ's reasoning only briefly in support of its conclusion that the IJ properly admitted into evidence a facsimile of the superseding indictment.

[2] Ragbir's argument that the government was required to demonstrate the loss amount by "clear, unequivocal, and convincing" evidence, Pet'r's Br. at 22 (emphasis in original) (quoting Berenyi v. Dist. Dir., 385 U.S. 630, 636 (1967)), is foreclosed by a 1996 amendment to the INA that eliminated the word "unequivocal" from the applicable standard, see 8 U.S.C. § 1229a(c)(3); 8 C.F.R. § 1240.8(a); Nijhawan v. Holder, 129 S. Ct. 2294, 2303 (2009) (recognizing application of clear and convincing evidence standard); Pierre v. Holder, 588 F.3d 767, 773 (2d Cir. 2009) (same).

3

determination of this amount on the grounds that (1) the IJ improperly admitted into evidence an uncertified facsimile of the superseding indictment on which Ragbir was tried, which charged a fraudulent scheme exceeding $400,000; and (2) even if the indictment was properly admitted, the evidence adduced by the government was insufficient to carry its burden. Neither argument is persuasive.

### a. The Admissibility Challenge

In challenging the admission of the indictment facsimile, Ragbir relies on 8 U.S.C. § 1229a(c)(3)(C) and related caselaw holding that an electronic record of conviction must be certified before it "shall be admissible as evidence to prove a criminal conviction." 8 U.S.C. §1229a(c)(3)(C); see also Sinotes-Cruz v. Gonzales, 468 F.3d 1190, 1196 (9th Cir. 2006). The cited authority is inapposite as the superseding indictment was not offered to prove the fact of Ragbir's conviction, which Ragbir conceded. Rather, the government offered the document as some evidence that the resulting losses exceeded $10,000. Cf. Dulal-Whiteway v. U.S. Dep't of Homeland Sec., 501 F.3d 116, 129 n.9 (2d Cir. 2007) (suggesting that "proof of criminal conviction" referenced in 8 U.S.C. § 1229a(c)(3)(B) means proof of "the existence of the conviction, not the factual basis underlying the conviction"), abrogated on other grounds by Nijhawan v. Holder, 129 S. Ct. 2294 (2009).

Evidence is generally admissible in removal proceedings provided that it does not violate the alien's right to due process, a standard satisfied "if the evidence is probative and its use is fundamentally fair, fairness in this context being closely related to the reliability and trustworthiness of the evidence." Aslam v. Mukasey, 537 F.3d 110, 114 (2d Cir. 2008)

4

(internal quotation marks omitted); see also 8 U.S.C. § 1229a(c)(3)(A) ("No decision on deportability shall be valid unless it is based upon reasonable, substantial, and probative evidence."). Here, the proffered indictment facsimile was probative, though not determinative, of loss amount,[3] and we detect no unfairness in the IJ's determination that the document – which matched the crimes of conviction, bore the stamp of the court clerk, and was produced following the IJ's instruction that the government obtain a copy from the clerk of the district court – was what it purported to be. We note further that Ragbir's counsel did not challenge the accuracy of the information contained in the document; indeed, he stated that "it appears legitimate." J.A. at 125; see Zerrei v. Gonzales, 471 F.3d 342, 346 (2d Cir. 2006) (rejecting challenge to admissibility of document where, inter alia, petitioner did not challenge accuracy of information contained therein).

Accordingly, we identify no legal error in the IJ's admission of the facsimile indictment.

      b.     The Sufficiency Challenge

In finding by clear and convincing evidence that Ragbir was convicted of a fraud causing losses exceeding $10,000, the agency relied on (1) the superseding indictment, which charged Ragbir with fraudulent wire communications involving amounts totaling more than $480,000; and (2) a judgment of conviction requiring Ragbir to pay $350,001 in restitution,

_____

[3] While intended loss does not necessarily equate to actual loss, in this case, when the amount charged in the indictment is considered together with the ordered restitution of $350,001, the totality of the evidence supports a clear and convincing finding of a loss from the crimes of conviction exceeding $10,000. See infra Part 1.b.

5

described as "the total amount due to the victim for this loss." Judgment at 5. Ragbir argues that these documents were insufficient as a matter of law to prove the requisite loss amount because restitution orders can, and here likely did, include losses arising from uncharged, related conduct. We disagree.

While restitution in a fraud case can include compensation for uncharged conduct closely related to the scheme, see 18 U.S.C. § 3663(a)(2); United States v. Kones, 77 F.3d 66, 70 (3d Cir. 1996),[4] and while the Presentence Investigation Report ("PSR") references uncharged conduct, Ragbir points to nothing in the record that precluded the agency, as a matter of law, from making a clear and convincing finding that the $350,001 restitution order included more than $10,000 attributable to the crimes of conviction.[5]

---

[4] Because Ragbir was convicted of fraud in the District of New Jersey, we cite Third Circuit authority in determining the potential scope of the restitution order at issue.

[5] Although the BIA did not rely on the PSR, that document could be read to indicate that all of the restitution ordered reflected loss from the crimes of conviction. Under the heading "Loss Amounts," the PSR states: "The total amount of fraudulent loans is $831,788.01, reflecting the $426,048.03 loss pertaining to the indicted fraudulent loans, and the additional $405,739.98 in loans admitted by Ragbir." PSR ¶ 33 (emphasis added). Under the heading "Restitution," the PSR states that restitution "in the amount of $426,048.03 is outstanding," providing a figure precisely matching losses caused solely by the indicted loans. Id. ¶ 108. Similarly, the judgment of conviction states that by stipulation of the government, "full restitution determined by probation ([$]426,083.03) was not ordered," another apparent reference, albeit with a typographical error, to losses attributable to indicted conduct. Judgment at 6. Even if, as Ragbir suggests, the ultimate restitution amount was discounted to reflect payments recouped by the victim, Ragbir points to no evidence – and advances no theory – that supports his urged inference that the indicted loans were repaid nearly in full while the uncharged loans inflicted essentially unmitigated losses.

We reject as without merit Ragbir's suggestion that the restitution order's identification of Household Investigations, rather than HFC, as the "payee" of the restitution amount demonstrates an absence of proof that HFC suffered losses. Judgment at 5. Indeed,

6

This case is thus readily distinguishable from those relied upon by Ragbir in which the record clearly demonstrated that the crimes of conviction did not cause losses in excess of $10,000. See, e.g., Alaka v. Attorney Gen. of the United States, 456 F.3d 88 (3d Cir. 2006); Knutsen v. Gonzales, 429 F.3d 733 (7th Cir. 2005). In Knutsen, a defendant charged with two counts of bank fraud alleging losses of $7,350 and $12,930.96, respectively, pleaded guilty to the first count in exchange for dismissal of the second. 429 F.3d at 735. The court concluded that defendant's stipulation that "total loss from the offense of conviction and relevant conduct exceeded $20,000" was insufficient to meet the $10,000 loss threshold because he "unmistakably pled guilty only to Count One." Id. at 739-40 (emphasis in original) (internal quotation marks omitted). Similarly, the petitioner in Alaka pleaded guilty to a single count of bank fraud causing a loss of $4,716 in exchange for dismissal of related counts tied to additional losses of more than $40,000. 456 F.3d at 92. The Third Circuit held that it was error for the IJ to consider losses arising from dismissed charges in determining the loss amount. Id. at 106-07.

Here, by contrast, Ragbir was convicted of all charges against him pursuant to a superseding indictment charging a fraudulent scheme totaling more than $480,000.[6] To be sure, the jury was not required to find any particular loss amount, but we detect no error in

Ragbir does not argue that "the victim" referenced in the restitution order could plausibly be anyone other than HFC, id., and the order's identification of a different payee, presumably authorized to accept payment on behalf of HFC or its parent corporation, does not somehow break the connection between the indictment and judgment of conviction.

[6] The only charge on which Ragbir was not convicted was Count Eight, which charged his co-defendant with illegal use of a social security number but did not allege resulting losses.

the agency's conclusion that, taken together, the indictment, judgment of conviction, and restitution order of $350,001 "for this loss" constituted clear and convincing evidence of losses greater than $10,000. See Black's Law Dictionary 636 (9th ed. 2009) (defining clear and convincing evidence as "[e]vidence indicating that the thing to be proved is highly probable or reasonably certain"); see also Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 329 & n.7 (2d Cir. 2006) (holding that under 8 U.S.C. § 1252(a)(2)(D) we lack jurisdiction to review agency fact-finding unless the "findings are themselves based on constitutional or legal error").

2.    The Alleged Procedural Defect

Ragbir submits that he was not afforded a fair opportunity to contest the loss amount consistent with the standards articulated in Nijhawan v. Holder, 129 S. Ct. at 2303. Nijhawan clarified that (1) the agency must explore the specific circumstances underlying a charged fraud offense in determining whether the INA's $10,000 loss threshold has been satisfied, and (2) in undertaking this review, an IJ may look to evidence beyond the record of conviction, including to sentencing-related materials, provided an alien is given a fair opportunity to dispute the pertinent claim and provided the clear and convincing standard is met. Id. at 2302-03; accord Lanferman v. BIA, 576 F.3d 84, 89 n.3 (2d Cir. 2009). In so holding, the Supreme Court abrogated this court's precedent limiting agency review in this context to records of conviction. See Dulal-Whiteway v. U.S. Dep't of Homeland Sec., 501 F.3d at 128-34. Contrary to Ragbir's argument, however, nothing in Nijhawan requires the agency to consider any particular document, nor does the record here support the argument

8

that the BIA denied Ragbir a fair opportunity to challenge the government's case or to introduce relevant evidence. On June 7, 2006, the IJ expressly granted Ragbir, who was represented by counsel, permission to obtain sentencing and related transcripts if he so wished. Despite repeated adjournments, Ragbir failed to obtain such transcripts or to introduce other evidence in opposition to the government's loss calculations.

Further, as noted, Ragbir points to no evidence indicating that no more than $10,000 of the ordered $350,001 restitution amount was attributable to the crimes of conviction. In the absence of any indication that the agency's determination of loss exceeding $10,000 was not adequately supported by the record, we decline to remand for further proceedings. See Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 401 (2d Cir. 2005) ("[W]e are not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion."); cf. Tian-Yong Chen v. INS, 359 F.3d 121, 127 (2d Cir. 2004) (noting that remand may be appropriate "where the agency's determination is based on an inaccurate perception of the record, omitting potentially significant facts").

3.    Conclusion

In sum, we conclude that the BIA properly determined that Ragbir was convicted of an aggravated felony rendering him removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court