Ragbir v. Lynch

BIA
A044 248 862

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand sixteen.

PRESENT:
>    RALPH K. WINTER,
>    PETER W. HALL,
>    SUSAN L. CARNEY,
>         *Circuit Judges.*

_____

RAVIDATH LAWRENCE RAGBIR,
>         *Petitioner,*

>    v.                                             12-2345
>                                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>         *Respondent.*

_____

FOR PETITIONER:            Alina Das, Attorney; Kendal Nystedt,
                           Jessica Rofé, Legal Interns,
                           Washington Square Legal Services,
                           Inc., New York, New York.

**FOR RESPONDENT:**                   Benjamin C. Mizer, Acting Assistant
                                      Attorney General; Douglas E.
                                      Ginsburg, Assistant Director; Karen
                                      L. Melnik, Trial Attorney, Office of
                                      Immigration Litigation, United
                                      States Department of Justice,
                                      Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Ravidath Lawrence Ragbir, a native and citizen of Trinidad and Tobago, seeks review of a May 15, 2012, decision of the BIA, denying his motion to reconsider and reopen. *In re Ravidath Lawrence Ragbir,* No. A044 248 862 (B.I.A. May 15, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We lack jurisdiction to review a final order of removal, including an order denying a motion to reconsider and reopen, against an alien, such as Ragbir, "who is removable by reason of having committed [an aggravated felony]." 8 U.S.C. § 1252(a)(2)(C); *see also Santos-Salazar v. U.S. Dep't of Justice*, 400 F.3d 99, 102 (2d Cir. 2005); *Durant v. INS*, 393 F.3d 113, 115-16 (2d Cir. 2004). Although we retain

2

jurisdiction to consider constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), Ragbir raises no colorable constitutional claims or questions of law in challenging the BIA's denial of his motion as untimely, *see Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2008). He did not argue before the BIA that the time period for filing his motion should be equitably tolled, and he was not eligible for an exception to the applicable time limitations based on his purported eligibility to adjust status. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3); *see also Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009).

Because Ragbir's untimely filing "was not excused by any regulatory exception, his motion . . . could only be considered upon exercise of the Agency's sua sponte authority." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *see also* 8 C.F.R. § 1003.2(a). Although the agency's exercise of its sua sponte authority "is entirely discretionary" and beyond the scope of this Court's review, *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006), remand is appropriate "where the Agency may have declined to exercise its sua sponte authority because it misperceived the legal background and thought, incorrectly, that a reopening

3

would necessarily fail," *Mahmood*, 570 F.3d at 469.  The BIA made no such error here.

**Motion to Reconsider**

Ragbir's conviction for one count of conspiracy to commit wire fraud and six counts of wire fraud in violation of 18 U.S.C. § 371, 1343 & 2 rendered him removable for having been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(M)(i)—"an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000."  He argues that the BIA failed to consider his argument that his conviction was not categorically a "fraud or deceit" aggravated felony in light of the Supreme Court's intervening decision in *Skilling v. United States*, 561 U.S. 358 (2010), which limited the broad language of § 1343 to criminalize only certain conduct.  However, Ragbir's conclusory assertion in his motion (clarified in his briefs here) was insufficient to apprise the BIA of his argument.  In any event, the BIA reasonably construed his lengthy discussion of the jury instructions in his criminal proceedings as a challenge to his underlying conviction, which was not

4

appropriately raised in removal proceedings. *See Lanferman v. BIA*, 576 F.3d 84, 88 (2d Cir. 2009).

Regardless, Ragbir's argument is based on the premise, rejected by the Supreme Court, that a "fraud or deceit" aggravated felony requires that the underlying statute of conviction contain fraud as an element. *See Kawashima v. Holder*, 132 S. Ct. 1166, 1172 (2012). While pre-*Skilling* convictions under 18 U.S.C. § 1343, including Ragbir's, may have included conduct broader than that categorized as fraud, including schemes that merely failed to comport with "fundamental honesty, fair play and right dealing," *Skilling*, 561 U.S. at 418 (Scalia, J. concurring), such offenses nevertheless "involve[] . . . deceit" and thus categorically constitute crimes involving "fraud or deceit" under 8 U.S.C. § 1101(a)(43)(M)(i). *See Kawashima*, 132 S. Ct. at 1172 (defining deceit); *see also Doe v. Att'y Gen.*, 659 F.3d 266, 274-75 (3d Cir. 2011).

The BIA also did not misperceive the law in declining to remand for reconsideration of Ragbir's removability in light of the Supreme Court's intervening decision in *Nijhawan v. Holder*, 557 U.S. 29 (2009), which clarified that the agency

5

should apply a circumstance-specific approach to analyze the loss amount for purposes 8 U.S.C. § 1101(a)(43)(M)(i). We adhere to our decision rejecting this argument in Ragbir's previous petition for review. *See Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) ("The law of the case doctrine commands that 'when a court has [explicitly or implicitly] ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case.'" quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)).

As we previously noted, remand for reconsideration in light of *Nijhawan* is not warranted given that the agency applied a circumstance-specific approach to the loss determination in Ragbir's case. And, "[d]espite repeated adjournments, Ragbir failed to obtain [sentencing and related] transcripts or to introduce other evidence in opposition to the government's loss calculations." *Ragbir v. Holder*, 389 F. App'x 80, 85 (2d Cir. 2010) (summary order). Furthermore, although Ragbir submitted in support of reconsideration and reopening evidence that the victim's loss in his case might have been offset by two properties used to secure two of the six fraudulent loans for which he was convicted, that evidence is insufficient to support

6

"his urged inference that the indicted loans were repaid nearly in full," i.e., that the victim has recouped all but $10,000 for the $426,048.03 in indicted loans. *Id.* at 84 n.5.

Accordingly, we find that the BIA did not misperceive the law in declining to reconsider its order of removal. *See Mahmood*, 570 F.3d at 469; *see also Ali*, 448 F.3d at 517.

## Motion to Reopen

The BIA also did not misperceive the law in declining to reopen sua sponte. Contrary to Ragbir's contention, the BIA did not fail to adhere to the standard in *Matter of Velarde-Pacheco*, 23 I & N Dec. 253 (BIA 2002). Ragbir did not satisfy the first requirement in *Velarde-Pacheco* (that he file a timely motion), and thus the BIA was not required to evaluate the remaining *Velarde-Pacheco* factors or consider Ragbir's evidence of his purported eligibility to adjust status. *See id.* at 256. Moreover, there is no merit to Ragbir's due process claim because a grant of adjustment of status is discretionary, and an alien has no constitutionally protected liberty or property interest in a grant of discretionary relief. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156-57 (2d Cir. 2008); *see also Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006).

7

Accordingly, because the BIA did not misperceive the law in declining to reconsider or reopen Ragbir's removal proceedings, remand is not warranted, *see Mahmood*, 570 F.3d at 469; *see also Ali*, 448 F.3d at 517, and we are without jurisdiction over his petition, *see* 8 U.S.C. § 1252(a)(2)(C).

For the foregoing reasons, the petition for review is DISMISSED.  As we have completed our review, Ragbir's motion for leave for law students to argue is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8