Chhabra v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RALPH K. WINTER,
> ROBERT D. SACK,
> > *Circuit Judges.*

────────────────────────────────────

VIJAY KUMAR CHHABRA,
> *Petitioner*,

v.                                                  No. 13-4491-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

────────────────────────────────────

FOR PETITIONER:            THOMAS E. MOSELEY, Newark, NJ.

FOR RESPONDENT:            TIMOTHY G. HAYES, Trial Attorney; Stuart F. Delery, Assistant Attorney General; Cindy S. Ferrier, Assistant Director, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DISMISSED**.

Petitioner Vijay Kumar Chhabra, a native and citizen of India, seeks review of a November 15, 2013 decision of the BIA denying his motion to reopen proceedings. *In re Vijay Kumar Chhabra*, No. A035 450 508 (BIA Nov. 15, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

By statute, a party generally may file only one motion to reopen removal proceedings, and must do so no later than ninety days after the date of a final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Chhabra did not dispute that his 2013 motion was both number barred and untimely, but instead asked the BIA to exercise its authority to reopen proceedings sua sponte. 8 C.F.R. § 1003.2(a).

We lack jurisdiction to review a decision of the BIA declining to reopen a case sua sponte because such a decision is "entirely discretionary." *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006) (per curiam). The BIA, however, has held that sua sponte reopening may be warranted if there has been "a fundamental change in the law," and not merely "an incremental development," *In re G-D-*, 22 I. & N. Dec. 1132, 1135 (BIA 1999), and we may retain jurisdiction to determine whether the BIA erred in declining to exercise its sua sponte authority based on a "misperce[ption of] the legal background," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).

Here, the BIA did not misperceive the law in finding that there has been no "fundamental change in the law" in light of the Supreme Court's decisions in *Moncrieffe v. Holder*, 133 S. Ct.

2

1678 (2013), *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Kawashima v. Holder*, 132 S. Ct. 1166 (2012).

Any change in the law resulting from the *Moncrieffe* and *Descamps* decisions were not material to Chhabra's claim here. *Moncrieffe* and *Descamps* examined the use of the categorical and modified categorical approaches when considering whether a conviction constitutes an aggravated felony. *See Moncrieffe*, 133 S. Ct. at 1684–85; *Descamps*, 133 S. Ct. at 2283–86. Chhabra challenges that his conviction under 26 U.S.C. § 7201 constituted a crime involving moral turpitude, but the BIA did not apply the modified categorical approach in reaching its conclusion. The record shows that the BIA considered nothing other than the text of § 7201 and prior precedent in determining that convictions under § 7201 were crimes involving moral turpitude. Because the BIA's earlier decision did not look to Chhabra's record of conviction, the BIA therefore did not err in finding that *Moncrieffe* and *Descamps* did not effect a fundamental change of law material to Chhabra's case.

The BIA also did not misperceive the legal background when it concluded that the decision in *Kawashima* did not create a fundamental change in the law. *Kawshima* stated that "the elements of tax evasion pursuant to § 7201 do not *necessarily* involve fraud or deceit" and that "it is possible to willfully evade or defeat payment of a tax under § 7201 without making any misrepresentation." 132 S. Ct. at 1175. Based on those statements, Chhabra contends that his conviction under 26 U.S.C. § 7201 did not constitute a crime involving moral turpitude. While we do not decide at this time whether, in light of *Kawashima*, a § 7201 violation is a crime involving moral turpitude, the BIA did not err in exercising its discretion and concluding that *Kawashima* did not constitute a fundamental change in the law. The BIA relied both on the

3

possibility that the key statement in *Kawashima* regarding § 7201 was dicta and on the failure of *Kawashima* to specifically address whether § 7201 constituted a crime involving moral turpitude. Accordingly, the BIA did not misperceive the legal background when it concluded that *Kawashima* did not effect a fundamental change in the law.

Because the BIA's decision declining to reopen proceedings sua sponte was not based on a misperception of the law, we lack jurisdiction to review that decision. *Mahmood,* 570 F.3d at 469.

For the foregoing reasons, the petition for review is **DISMISSED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4