# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50829
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2016

Lyle W. Cayce
Clerk

LINDSEY KENT SPRINGER,

Petitioner-Appellant

v.

J. S. WILLIS, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CV-191

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.
STEPHEN A. HIGGINSON, Circuit Judge:[*]

Lindsey Kent Springer moves for leave to proceed in forma pauperis (IFP) in his appeal from the dismissal of his 28 U.S.C. § 2241 petition, in which he challenged his convictions for conspiracy to defraud the United States, tax evasion, and failure to file tax returns. A movant seeking leave to proceed IFP on appeal must demonstrate that he is a pauper and that he will raise a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nonfrivolous issue on appeal. *See* 28 U.S.C. § 1915(a)(1); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Springer fails this second requirement.

In support of his IFP motion, Springer argues the same claims raised in his § 2241 petition, specifically that the trial court misunderstood that the tax evasion statute, 26 U.S.C. § 7201, proscribes two separate crimes. He argues that the Supreme Court's recent decision in *Kawashima v. Holder*, 132 S. Ct. 1166 (2012), enunciated this standard and is applicable to his case because the opinion was issued before Springer's conviction became final. Springer avers that the grand jury indicted him on one of the crimes, but the trial court instructed the jury on the other crime.

The savings clause under 28 U.S.C. § 2255 allows a federal prisoner to challenge his conviction under § 2241 if the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention." A petitioner seeking to establish that his § 2255 remedy was inadequate or ineffective must make a claim (i) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" that (ii) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

*Kawashima* does not establish that Springer was convicted of a nonexistent offense. In that decision, the Supreme Court merely quoted its earlier decision in *Sansone v. United States*, 380 U.S. 343 (1965), when it explained that "§ 7201 includes two offenses: 'the offense of willfully attempting to evade or defeat the *assessment* of a tax as well as the offense of willfully attempting to evade or defeat the *payment* of a tax.'" *Kawashima*, 132 S. Ct. at 1175 (quoting *Sansone*, 380 U.S. at 354). Springer has not shown that there is a Supreme Court decision with retroactive effect on his claim or that

2

No. 15-50829

his claim was precluded by established circuit law at the time of his trial, appeal, or initial § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.

Springer has not met the burden of showing that the § 2255 remedy is inadequate or ineffective; therefore, the district court did not err in dismissing his § 2241 petition.  *See* § 2255(e). Accordingly, Springer's request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *see also* 5TH CIR. R. 42.2.