Justice Thomas
delivered the opinion of the Court.
This case concerns whether aliens who commit certain federal tax crimes are subject to deportation as aliens who have been convicted of an aggravated felony. We hold that violations of 26 U. S. C. §§7206(1) and (2) are crimes “involving] fraud or deceit” under 8 U. S. C. § 1101(a)(43)(M)(i) and are therefore aggravated felonies as that term is defined in the Immigration and Nationality Act, 8 U. S. C. §1101 et seq., when the loss to the Government exceeds $10,000.
H-l
Petitioners, Akio and Fusako Kawashima, are natives and citizens of Japan who have been lawful permanent residents of the United States since June 21, 1984. In 1997, Mr. Ka-washima pleaded guilty to one count of willfully making and subscribing a false tax return in violation of 26 U. S. C. §7206(1). Mrs. Kawashima pleaded guilty to one count of aiding and assisting in the preparation of a false tax return in violation of 26 U. S. C. § 7206(2).
Following their convictions, the Immigration and Naturalization Service charged the Kawashimas with being deport- *481 able from the United States as aliens who had been convicted of an aggravated felony.[1] See 8 U. S. C. §1227(a)(2)(A)(iii) (“Any alien who is convicted of an aggravated felony at any time after admission is deportable”)-[2] In the Immigration and Nationality Act, Congress listed categories of offenses that qualify as “aggravated felonies” for the purpose of deportation. See § 1101(a)(43). Here, the Government charged the Kawashimas with being deportable for committing offenses under subparagraph (M) of § 1101(a)(43). That subparagraph classifies as an aggravated felony an offense that either: “(i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000; or (ii) is described in section 7201 of title 26 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000.” Hereinafter, we refer to § 1101(a)(43)(M)(i) as “Clause (i)” and to § 1101(a)(43)(M)(ii) as “Clause (ii).”
At their deportation hearing, the Kawashimas argued that their convictions under 26 U. S. C. § 7206 did not qualify as aggravated felonies under subparagraph (M). The Immigration Judge disagreed and ordered removal, concluding that the Kawashimas’ convictions qualified as aggravated felonies under Clause (i). The Kawashimas appealed the removal order to the Board of Immigration Appeals (Board), which affirmed the Immigration Judge’s decision. After unsuccessfully petitioning the Board to reopen its decision, the Kawashimas filed petitions for review of the Board’s decision in the United States Court of Appeals for the Ninth Circuit.
*482 The Ninth Circuit held that “convictions for violating §§7206(1) and (2) in which the tax loss to the government exceeds $10,000 constitute aggravated felonies under subsection (M)(i).” 615 F. 3d 1043, 1053 (2010). The court concluded that Mr. Kawashima’s conviction under §7206(1) qualified as an aggravated felony within Clause (i)’s definition “because it involved ‘fraud or deceit’ and because his offense resulted in a loss to the government in excess of $10,000.” Id., at 1055. The Ninth Circuit also determined that Mrs. Kawashima’s conviction under § 7206(2) “necessarily‘involve [d] fraud or deceit.’” Id., at 1055. But because Mrs. Kawashima’s plea agreement was not in the administrative record, the Ninth Circuit remanded to the Board to determine whether Mrs. Kawashima’s conviction had caused a loss to the Government in excess of $10,000. Id., at 1056-1057.
We granted the Kawashimas’ petition for a writ of certio-rari to determine whether their convictions for violations of 26 U. S. C. §§ 7206(1) and (2) respectively qualify as aggravated felonies under Clause (i). 563 U. S. 1007 (2011). We now affirm.
II
The Kawashimas argue that they cannot be deported for commission of an “aggravated felony” because crimes under §§7206(1) and (2) do not “involvfe] fraud or deceit” as required by Clause (i). The Kawashimas also assert that their convictions under §7206 are not “aggravated felonies” because tax crimes are not included within Clause (i) at all. We address each argument in turn.
A
The Kawashimas contend that their offenses of conviction do not fall within the scope of Clause (i) because neither “fraud” nor “deceit” is a formal element of a conviction under §7206(1) or §7206(2). The Government responds that the Kawashimas’ convictions necessarily involved deceit because *483 they required a showing that the Kawashimas willfully made materially false statements. To determine whether the Ka-washimas’ offenses “involv[e] fraud or deceit” within the meaning of Clause (i), we employ a categorical approach by looking to the statute defining the crime of conviction, rather than to the specific facts underlying the crime. See Gonzales v. Duenas-Alvarez, 549 U. S. 183, 186 (2007) (applying the approach set forth in Taylor v. United States, 495 U. S. 575, 599-600 (1990)). If the elements of the offenses establish that the Kawashimas committed crimes involving fraud or deceit, then the first requirement of Clause (i) is satisfied.[3]
Mr. Kawashima was convicted of violating 26 U. S. C. §7206(1), which provides that any person who “[w]illfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter,” shall be guilty of a felony. Mr. Kawashima does not dispute that the elements of a violation of §7206(1) include, inter alia, that the document in question was false as to a material matter, that the defendant did not believe the document to be true and correct as to every material matter, and that he acted willfully with the specific intent to violate the law. See, e. g., United States v. Aramony, 88 F. 3d 1369, 1382 (CA4 1996); United States v. Kaiser, 893 F. 2d 1300, 1305 (CA11 1990); United States v. Marabelles, 724 F. 2d 1374,1380 (CA9 1984); United States v. Whyte, 699 F. 2d 375, 381 (CA7 1983). Although the words “fraud” and “deceit” are absent from the text of § 7206(1) and are not themselves formal elements of the crime, it does not follow that his offense falls outside of Clause (i). The scope of that clause is *484 not limited to offenses that include fraud or deceit as formal elements. Rather, Clause (i) refers more broadly to offenses that “involv[e]” fraud or deceit — meaning offenses with elements that necessarily entail fraudulent or deceitful conduct.
When subparagraph (M) was enacted, the term “deceit” meant “the act or practice of deceiving (as by falsification, concealment, or cheating).” Webster’s Third New International Dictionary 584 (1993). Mr. Kawashima’s conviction under § 7206(1) establishes that he knowingly and willfully submitted a tax return that was false as to a material matter. He therefore committed a felony that involved “deceit.”
Turning to Mrs. Kawashima, our analysis follows a similar path. Mrs. Kawashima was convicted of violating 26 U. S. C. § 7206(2), which declares that any person who “[willfully aids or assists in . . . the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter,” has committed a felony. Mrs. Kawashima does not dispute that the elements of a violation of § 7206(2) include, inter alia, that the document in question was false as to a material matter and that the defendant acted willfully. See Aramony, supra, at 1382; United States v. Sassak, 881 F. 2d 276, 278 (CA6 1989); United States v. Hooks, 848 F. 2d 785, 788-789 (CA7 1988); United States v. Dahlstrom, 713 F. 2d 1423, 1426-1427 (CA9 1983). We conclude that Mrs. Kawa-shima’s conviction establishes that, by knowingly and willfully assisting her husband’s filing of a materially false tax return, Mrs. Kawashima also committed a felony that involved “deceit.”
The language of Clause (i) is clear. Anyone who is convicted of an offense that “involves fraud or deceit in which the loss to the victim or victims exceeds $10,000” has committed an aggravated felony and is subject to deportation pursuant to 8 U. S. C. § 1227(a)(2)(A)(iii). The elements of willfully making and subscribing a false corporate tax re *485 turn, in violation of 26 U. S. C. § 7206(1), and of aiding and assisting in the preparation of a false tax return, in violation of 26 U. S. C. § 7206(2), establish that those crimes are de-portable offenses because they necessarily entail deceit.
B
The Kawashimas’ second argument is based on inferences drawn from the interaction of Clause (i) and Clause (ii). The full text of subparagraph (M) reads as follows:
“(43) The term ‘aggravated felony’ means—
[[Image here]]
“(M) an offense that—
“(i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000; or
“(ii) is described in section 7201 of title 26 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000.”
The Kawashimas argue that when Clause (i) is read together with Clause (ii), Clause (i) must be interpreted as being inapplicable to tax crimes. In their view, subparagraph (M), when considered in its entirety, demonstrates that Congress was addressing two mutually exclusive categories of crimes in subparagraph (M)’s two clauses: general, nontax crimes involving fraud or deceit that cause actual losses to real victims in Clause (i), and tax crimes involving revenue losses to the Government in Clause (ii). For the reasons discussed below, this argument cannot overcome the plain language of Clause (i), which encompasses the Kawashimas’ offenses of conviction.
1
The Kawashimas contend that textual differences between Clauses (i) and (ii) indicate that Congress' intended to exclude tax crimes from Clause (i). Specifically, they note that Clause (i) addresses “loss to the victim,” whereas Clause (ii) addresses “revenue loss to the Government.”
*486 This difference in language does not establish Congress’ intent to remove tax crimes from the scope of Clause (i). Clause (i) covers a broad class of offenses that involve fraud or deceit. Clause (i) thus uses correspondingly broad language to refer to the wide range of potential losses and victims. Clause (ii), on the other hand, is limited to the single type of offense “described in section 7201 of title 26 (relating to tax evasion),” which, by definition, can only cause one type of loss (revenue loss) to one type of victim (the Government). Congress’ decision to tailor Clause (ii)’s language to match the sole type of offense covered by Clause (ii) does not demonstrate that Congress also intended to implicitly circumscribe the broad scope of Clause (i)’s plain language.
2
Next, the Kawashimas argue that interpreting Clause (i) to include tax crimes violates the presumption against superfluities by rendering Clause (ii) completely redundant to Clause (i). Clause (ii) explicitly states that convictions for tax evasion pursuant to 26 U. S. C. § 7201 that cause a revenue loss of at least $10,000 to the Government are aggravated felonies. The Kawashimas assert that, if Clause (i) applies to tax crimes, then qualifying convictions for tax evasion under Clause (ii) would also qualify as aggravated felonies under Clause (i), because tax evasion is a crime involving fraud or deceit. To buttress this argument, the Kawashi-mas point to a body of law providing that a conviction for tax evasion under §7201 collaterally estops the convicted taxpayer from contesting a civil penalty under 26 U. S. C. § 6663(b) for “underpayment... attributable to fraud.” See, e. g., Gray v. Commissioner, 708 F. 2d 243, 246 (CA6 1983) (“Numerous federal courts have held that a conviction for federal income tax evasion, either upon a plea of guilty, or upon a jury verdict of guilt, conclusively establishes fraud in a subsequent civil tax fraud proceeding through application of the doctrine of collateral estoppel”). Therefore, according *487 to the Kawashimas, if Clause (i) covers tax offenses, then Clause (ii) is mere surplusage.
We disagree with the Kawashimas’ contention that the specific mention of one type of tax crime in Clause (ii) impliedly limits the scope of Clause (i)’s plain language, which extends to any offense that “involves fraud or deceit.” We think it more likely that Congress specifically included tax evasion offenses under 26 U. S. C. § 7201 in Clause (ii) to remove any doubt that tax evasion qualifies as an aggravated felony.
Several considerations support this conclusion. Like §§ 7206(1) and (2), § 7201 does not, on its face, mention fraud or deceit. Instead, § 7201 simply provides that “[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by [the Internal Revenue Code] or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony.” Accordingly, neither fraud nor deceit is among the elements of a conviction under §7201, which include: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or an attempted evasion of the tax. Boulware v. United States, 552 U. S. 421, 424, n. 2 (2008). A conviction under § 7201, therefore, only qualifies as an aggravated felony under Clause (i) if a willful, affirmative attempt to evade a tax necessarily entails fraud or deceit.
This Court’s decision in United States v. Scharton, 285 U. S. 518 (1932), gave Congress good reason to doubt that a conviction under §7201 satisfies that condition. In Schar-ton, the defendant was indicted for attempting to evade income taxes by falsely understating his taxable income. The question before the Court was whether the crime was subject to the 3-year statute of limitations generally applicable to tax crimes, or whether it was instead subject to the 6-year statute of limitations applicable to “ ‘offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, *488 and in any manner.’ ” Id., at 520, n. 2 (quoting 18 U. S. C. § 585 (1926 ed., Supp. V)). The Government argued that the 6-year statute of limitations applied because “fraud is implicit in the concept of evading or defeating” and because any effort to evade a tax is tantamount to an attempt to defraud the taxing body. 285 U. S., at 520-521. The Court rejected that argument, noting that, in an indictment for evasion, “an averment [of intent to defraud] would be sur-plusage, for it would be sufficient to plead and prove a willful attempt to evade or defeat.” Id., at 521.
Moreover, §7201 includes two offenses: “the offense of willfully attempting to evade or defeat the assessment of a tax as well as the offense of willfully attempting to evade or defeat the payment of a tax.” Sansone v. United States, 380 U. S. 343, 354 (1965) (emphasis in original). As the Government notes, it is possible to willfully evade or defeat payment of a tax under § 7201 without making any misrepresentation. For example, §7201 can be violated by a taxpayer who files a truthful tax return, but who also takes affirmative steps to evade payment by moving his assets beyond the reach of the Internal Revenue Service. Although the Government concedes that evasion-of-payment cases will almost invariably involve some affirmative acts of fraud or deceit, it is still true that the elements of tax evasion pursuant to §7201 do not necessarily involve fraud or deceit. Thus, we conclude that the specific inclusion of tax evasion in Clause (ii) was intended to ensure that tax evasion pursuant to § 7201 was a deportable offense. Clause (ii) does not implicitly remove all other tax offenses from the scope of Clause (i)’s plain language.
3
The Kawashimas also assert that the separate treatment of tax crimes and crimes involving fraud and deceit in the United States Sentencing Guidelines (USSG) supports their contention that Congress did not intend to include tax crimes within Clause (i). They point to the fact that, in 1987, the *489 United States Sentencing Commission included within the Guidelines a category of “offenses involving fraud or deceit.” USSG §§ 2F1.1 to 2F1.2 (deleted effective Nov. 1,2001). The Commission simultaneously included “offenses involving taxation” as a separate category. §2T1.1 et seq. (Nov. 2011). Although the Kawashimas acknowledge that they have found no evidence that Congress actually considered the Guidelines, they contend that “it is likely that the language of [Clause (i)] and [Clause (ii)] was taken from the Sentencing Guidelines” by the sponsors of the bill that expanded the definition of aggravated felony to include subparagraph (M). Brief for Petitioners 29. Therefore, the theory goes, we can infer from the similar language in the Guidelines that Congress did not intend Clause (i) to include tax crimes.
We reject the Kawashimas’ reliance on the Guidelines. The Kawashimas’ argument is at odds with the fact that, unlike the Guideline that the Kawashimas cite, Clause (ii) does not refer to all offenses “involving taxation.” Rather, Clause (ii) is expressly limited to tax evasion offenses under § 7201. That textual difference undercuts any inference that Congress was considering, much less incorporating, the distinction drawn by the Guidelines.
C
Finally, the Kawashimas argue that subparagraph (M)’s treatment of tax crimes other than tax evasion is ambiguous, and that we should therefore construe the statute in their favor. It is true that we have, in the past, construed ambiguities in deportation statutes in the alien’s favor. See INS v. St. Cyr, 533 U. S. 289, 320 (2001). We think the application of the present statute clear enough that resort to the rule of lenity is not warranted.
* * *
For the foregoing reasons, we conclude that convictions under 26 U. S. C. §§ 7206(1) and (2) in which the revenue loss *490 to the Government exceeds $10,000 qualify as aggravated felonies pursuant to 8 U. S. C. § 1101(a)(43)(M)(i). Because the Kawashimas are subject to deportation as aliens who have been convicted of aggravated felonies pursuant to 8 U. S. C. § 1227(a)(2)(A)(iii), the judgment of the Court of Appeals is affirmed.

It is so ordered.

 On March 1, 2003, most of the functions of the Immigration and Naturalization Service were transferred to the Bureau of Immigration and Customs Enforcement, and the Immigration and Naturalization Service ceased to exist.

 Before 1996, there were two procedures for removing aliens from the country: “deportation” of aliens who were already present, and “exclusion” of aliens seeking entry or reentry into the country. Since 1996, the Government has used a unified procedure, known as “removal,” for both exclusion and deportation. See 8 U. S. C. §§ 1229, 1229a. We use the terms “deportation” and “removal” interchangeably in this opinion.

 We note that the issue whether the Kawashimas’ offenses satisfy the second requirement of Clause (i) — that the loss to the victim exceeded $10,000 — is not before us. We address only whether their offenses of conviction qualify as crimes “involv[ing] fraud or deceit.”