FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| HUYEN THI NGUYEN, AKA Mama, AKA Mama Tu, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-72789 <br><br> Agency No. A028-103-919 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued May 16, 2012
Submission withdrawn May 17, 2012
Re-submitted August 17, 2012
San Francisco, California

Before: REINHARDT, CLIFTON, and N.R. SMITH, Circuit Judges.

Petitioner Huyen Thi Nguyen petitions for review of several decisions of the

Board of Immigration Appeals that ordered Nguyen removed as a result of her

conviction for transfer or unauthorized use of food stamps, which the BIA

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

determined was an aggravated felony.  Nguyen petitions for review of the aggravated felony determination, and alternatively, seeks review of the BIA's denial of her application for withholding of removal.[1]  We dismiss the petition in part and remand to the BIA in part.

We dismiss the petition in part for lack of jurisdiction because Nguyen's conviction for transfer or unauthorized use of food stamps under 7 U.S.C. § 2024(b) was an offense involving fraud or deceit with a loss exceeding $10,000 and was thus an aggravated felony subjecting Nguyen to removal.  8 U.S.C. § 1101(a)(43)(M)(I).  Under the categorical approach, a conviction under § 2024(b) does not necessarily involve fraudulent or deceitful conduct.  See Liparota v. United States, 471 U.S. 419, 434 (1985) (noting that proof of a § 2024(b) violation does not require introduction of "any extraordinary evidence that would conclusively demonstrate petitioner's state of mind").  We thus apply the modified categorical approach.  United States v. Aguila-Montes de Oca, 655 F.3d 915, 940 (9th Cir. 2011) (en banc).

In reviewing Nguyen's record of conviction under the modified categorical approach, specifically her plea agreement, Nguyen pled guilty to a crime of deceit.

---

[1] At oral argument, counsel for petitioner conceded that Nguyen was not seeking review of the BIA's denial of relief under the Convention against Torture.

2

In specifically pleading guilty to the § 2024(b) conviction, Nguyen admitted to "acting with the knowledge that the transaction is designed in whole and in part to disguise the nature, location, source, ownership, and control of the proceeds of food stamp trafficking." This intent to disguise falls squarely within the definition of a crime of deceit. Kawashima v. Holder, 132 S. Ct. 1166, 1172 (2012).

Additionally, the loss to the government exceeded $10,000. Nguyen admitted in the plea agreement related to her § 2024(b) conviction that the restitution amount represented the amount of profit she was directly involved with acquiring as a part of the food stamp scheme. Thus, that amount was properly considered as the loss to the government that exceeded $10,000. See Ferreira v. Ashcroft, 390 F.3d 1091, 1098 (9th Cir. 2004). Accordingly, Nguyen's conviction satisfied the relevant definition of aggravated felony and we lack jurisdiction to review that determination further. 8 U.S.C. § 1252(a)(2)(C).

As the government recently requested, we remand in part to the BIA for further consideration of the BIA's denial of withholding of removal on the basis that the government satisfied its burden of rebutting the presumption of future

3

persecution by showing a fundamental change in circumstances.[2] 8 C.F.R. § 1208.16(b)(1)(i)(A). The BIA relied on Nguyen's return visit to Vietnam as evidence of changed circumstances. However, although "return trips can be considered as one factor, among others," to rebut the presumption of future persecution, "[w]e have never held that the existence of return trips standing alone can rebut this presumption." Boer-Sedano v. Gonzales, 418 F.3d 1082, 1091 (9th Cir. 2005). The BIA noted that Nguyen may have simply gone undetected by the government during that brief trip and the BIA gave no indication it considered the evidence relied on by the IJ in granting withholding of removal to Nguyen. We therefore remand to the BIA to make the required individualized analysis of country conditions, Ali v. Holder, 637 F.3d 1025, 1030-31 (9th Cir. 2011), in considering further whether the government has overcome the presumption of future persecution by showing changed circumstances.

**PETITION DISMISSED IN PART FOR LACK OF JURISDICTION; PETITION GRANTED IN PART; REMANDED FOR FURTHER PROCEEDINGS.**

---

[2] Following oral argument, the government filed a motion to remand to the BIA for further consideration of the denial of Nguyen's withholding of removal and CAT claims. Nguyen opposed that motion but did not identify a more appropriate alternative course. We deny the government's motion as moot, in light of this disposition, which grants the requested remand in part.