# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60783
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2017

Lyle W. Cayce
Clerk

NEVILLE LYIMO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 689 067

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Neville Lyimo is a native and citizen of Tanzania. An immigration judge concluded that he was removable because his prior conviction under 26 U.S.C. § 7206(2) was an aggravated felony, and the Board of Immigration Appeals (BIA) affirmed. Now, he petitions this court for review of the BIA's denial of his motion to reconsider or reopen, arguing that the BIA erred by denying his motion to reconsider or reopen because the modified categorical approach given

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60783

in *Descamps v. United States*, 133 S. Ct. 2276 (2013), should have been used to analyze the issue whether his § 7206(2) conviction was an aggravated felony under 8 U.S.C. § 1101(a)(43)(M) and because counsel rendered ineffective assistance by not advancing a *Descamps* argument. He also moves this court for appointed counsel or, in the alternative, for a legal organization to appear as amicus curiae. This motion is DENIED.

Motions to reopen or to reconsider are disfavored. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). This court reviews the denial of a motion to reopen or a motion to reconsider under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Under this standard, the BIA's ruling will be upheld, even if this court concludes it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304.

The Supreme Court has squarely held that a § 7206(2) offense constitutes an aggravated felony for immigration purposes. *Kawashima v. Holder*, 565 U.S. 478, 484-85 (2012). Additionally, that the offense involved a loss exceeding $10,000 is established by clear and convincing record evidence. *See Arguelles-Olivares v. Mukasey*, 526 F.3d 171, 178 (5th Cir. 2008). Finally, neither the categorical nor the modified categorical approach applies to the issue whether the loss exceeded $10,000. *See Nijhawan v. Holder*, 557 U.S. 29, 40 (1997); *Arguelles-Olivares*, 526 F.3d at 177-78. Lyimo has not shown that the BIA's denial of his motion to reopen or reconsider was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao*, 404 F.3d at 304. Consequently, his petition for review is **DENIED**.