17-2353-cr
*United States v. Carrasco*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of July, two thousand nineteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                      *Circuit Judges.*

———————————————————————————————

UNITED STATES OF AMERICA,

     *Appellee*,

      v.                                                          17-2353-cr

LUIS ALEX CARRASCO,

     *Defendant-Appellant*.

———————————————————————————————

Appearing for Appellant:     Lawrence V. Carra, Mineola, N.Y.
                             Carl Irace, East Hampton, N.Y.

Appearing for Appellee:      Charles P. Kelly, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter be and it hereby is **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Luis Alex Carrasco appeals from a June 28, 2017, judgment of conviction pursuant to a plea of guilty in the United States District Court for the Eastern District of New York (Bianco, *J.*) on the grounds that he did not knowingly and willingly plead guilty to a violation of 26 U.S.C. § 7206(1) because his counsel was ineffective.[1] Specifically, Carrasco argues that his counsel in the district court was ineffective because he failed to warn Carrasco that, because he is not a U.S. citizen, pleading to a violation of 26 U.S.C. § 7206(1) subjected him to mandatory deportation. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We apply a two-prong test to determine whether counsel was ineffective: "[A] defendant must show that counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Jae Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

Carrasco argues that his counsel in the district court, John Wallenstein, provided him with representation that fell below an objective standard of reasonableness. In *Padilla v. Kentucky*, the Supreme Court held that, "when the deportation consequence" of entering a guilty plea "is truly clear," counsel must give her client "correct advice" as to what the consequence of entering a guilty plea is. 559 U.S. 356, 369 (2010). The immigration consequence of Carrasco's guilty plea to 26 U.S.C. § 7206(1) was clear: the Supreme Court has held that a violation of 26 U.S.C. § 7206(1) is an aggravated felony, rendering the crime a "deportable offense[]." *Kawashima v. Holder*, 565 U.S. 478, 484-85 (2012). Non-citizens who are convicted of aggravated felonies face a "lifetime citizenship bar, a conclusive presumption of deportability, and automatic denial of discretionary relief." *Doe v. United States*, 915 F.3d 905, 908 (2d Cir. 2019); *see also* 8 U.S.C. § 1227(a)(2)(A)(iii). Carrasco and Wallenstein have submitted affidavits to this Court that state that Wallenstein did not inform Carrasco that a conviction under 26 U.S.C. § 7206(1) would subject him to mandatory deportation. Because the district court has not yet considered the evidence regarding Wallenstein's representation, we remand to the district court for consideration of whether Wallenstein provided Carrasco with objectively unreasonable representation.

In order to satisfy the second prong of the test for ineffective assistance, that the defendant suffered prejudice from counsel's errors, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This Court considers how counsel's provision of inaccurate information affected the "defendant's decisionmaking, which may not turn solely on the likelihood of conviction after trial." *Jae Lee*, 137 S. Ct. at 1966. A defendant asserting ineffective assistance based on an attorney's inaccurate immigration advice "must clearly demonstrate that he placed particular emphasis on immigration

---

[1] On August 17, 2017, the district court amended this judgment to require Carrasco to pay interest on an order of restitution. Am. J. in a Criminal Case at 6, *United States v. Carrasco*, No. 2:14-cr-182 (E.D.N.Y. Aug. 17, 2017), ECF No. 69.

consequences in deciding whether or not to plead guilty." *Kovacs v. United States*, 744 F.3d 44, 52 (2d Cir. 2014) (alteration omitted) (internal quotation marks omitted). In evaluating such a defendant's claim, the court "cannot rely solely on *post hoc* assertions from a defendant" and "must also look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Doe*, 915 F.3d at 912 (internal quotation marks omitted) (quoting *Jae Lee*, 137 S. Ct. at 1967).

Carrasco primarily relies on two categories of evidence to establish that he suffered prejudice: (1) his own affidavit and an affidavit from Wallenstein that suggest that Carrasco was particularly concerned about the effect of his plea on his immigration status, and (2) "[h]is history in the United States, his family circumstances, and his gainful employment," which he contends "signal [a] strong connection to, and desire to remain in, the United States," *id*. Because the district court has not yet evaluated this evidence, we remand to the district court for an evidentiary hearing.

Accordingly, we REMAND to the district court for further proceedings consistent with this order. The district court is to determine in the first instance whether Carrasco's conviction should be vacated on the basis of ineffective assistance of counsel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3