NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAUDETTE SCHWARZMANN, AKA Claudette Mannix, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  17-71551 <br><br> Agency No. A012-157-978 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2021[**]
San Francisco, California

Before:  WARDLAW and BERZON, Circuit Judges, and PREGERSON,[***]
District Judge.

Claudette Schwarzmann, a native and citizen of Canada, petitions for review

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

1

of a Board of Immigration Appeals ("BIA") decision affirming the Immigration Judge's ("IJ") order denying Schwarzmann's motion to terminate removal proceedings and upholding her removability for having been convicted of an aggravated felony, specifically California Revenue and Taxation Code ("CRTC") § 7152(a). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

In 2015, Schwarzmann pled guilty to one count of filing a false or fraudulent tax return with intent to evade in violation of CRTC § 7152(a) and enhancements under CRTC § 7153.5 for intentionally evading an amount in excess of $25,000 and California Penal Code ("CPC") § 12022.6(a)(1) for a loss in excess of $65,000. The sole issue on appeal is whether Schwarzmann's conviction under CRTC § 7152(a) constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i) as "an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000," rendering her subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).[1]

"We review de novo the BIA's determination of purely legal questions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018) (cleaned up). To determine whether a state conviction qualifies as an aggravated felony, we apply the "categorical approach" laid out in *Taylor v. United States*, 495 U.S. 575,

---

[1] There is no dispute that Schwarzmann's conviction meets the $10,000 threshold requirement under 8 U.S.C. § 1101(a)(43)(M)(i).

600–02 (1990) and *Descamps v. United States*, 570 U.S. 254, 257 (2013). Under this framework, we first compare the elements of the state criminal conviction against the "federal, generic crime" to determine if the state crime conviction "has the same elements as, or is narrower than, the federal generic crime." *Rendon v. Holder*, 764 F.3d 1077, 1083 (9th Cir. 2014) (internal citation omitted). However, when applying the categorical approach to 8 U.S.C. § 1101(a)(43)(M)(i), "no identification of generic offense elements [is] necessary." *Shular v. United States*, 140 S. Ct. 779, 783 (2020). Rather, "we simply ask[]," *id.*, whether the elements required for conviction "necessarily entail fraudulent or deceitful *conduct*," *id.* (quoting *Kawashima v. Holder*, 565 U.S. 478, 484 (2012)).

The BIA did not err in concluding that Schwarzmann's conviction under CRTC § 7152(a) categorically matches an offense involving fraud or deceit under 8 U.S.C. § 1101(a)(43)(M)(i). As the BIA explained, the elements of a crime under CRTC § 7152(a) are (1) "that a person be required to file a return," (2) "that the filing be false or fraudulent," and (3) "that the false or fraudulent filing be done with the intent to defeat or evade a determination that taxes are due." Although the elements of CRTC § 7152(a) do not expressly require any showing of fraud or deceit, "[t]he scope of [8 U.S.C. § 1101(a)(43)(M)(i)] is not limited to offenses that include fraud or deceit as formal elements." *Kawashima*, 565 U.S. at 483–84. Even presuming that Schwarzmann's conviction "rested upon nothing more than

the least of the acts criminalized," *Wang v. Rodriguez*, 830 F.3d 958, 961 (9th Cir. 2016) (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013)), CRTC § 7152(a) requires, at a minimum, that Schwarzmann filed an affirmatively false return and that she did so with the intent to evade or defeat paying a tax owed. Under the definition of deceit articulated in *Kawashima*, crimes evincing both affirmative acts of falsification or misrepresentation and the requisite *mens rea* involve deceit. Given the intent to evade or defeat requirement in § 7152(a), Schwarzmann's conviction plainly meets the *Kawashima* standard. 565 U.S. at 484. As the BIA correctly noted, the filing of a "false return with the intent of evading or defeating a determination that taxes are due necessarily involves deceit because it requires a knowing and intentional misrepresentation of a material fact." Thus, a conviction under CRTC § 7152(a) necessarily involves deceitful conduct and therefore categorically matches "an offense that involves fraud or deceit" under 8 U.S.C. § 1101(a)(43)(M)(i). *Kawashima*, 565 U.S. at 483–84.

Because we conclude Schwarzmann's conviction under CRTC § 7152(a) categorically matches an offense involving fraud or deceit under 8 U.S.C. § 1101(a)(43)(M)(i), we need not proceed to the remaining steps of the categorical approach. *See Myers v. Sessions*, 904 F.3d 1101, 1107 (9th Cir. 2018).

**DENIED.**