**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1329
_____

AGYEI ASARE TABI,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A045-812-125)
Immigration Judge: Adrian N. Armstrong

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2025

Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, *Circuit Judges*

(Opinion filed: March 18, 2026)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Agyei Asare Tabi, a citizen of Ghana, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA").  We will deny the petition.

In 2007, Tabi pleaded guilty in federal court to a one-count grand jury indictment charging him with conspiracy to defraud the United States in violation of 18 U.S.C. § 286.  The indictment alleged that Tabi filed at least 550 false and fraudulent income tax returns with the Internal Revenue Service (IRS), claiming refunds totaling more than $1.3 million.  He was sentenced to 30 months of imprisonment and three years of supervised release.  He also was ordered to pay over $161,000 in restitution.[1]

The Department of Homeland Security (DHS) charged Tabi with removability for being convicted of conspiracy to commit an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(M) (offense that involves fraud or deceit involving loss to the victim over $10,000) and (U) (attempt or conspiracy to commit an offense defined in § 1101(a)(43)).  *See* 8 U.S.C. § 1227(a)(2)(A)(iii).  Tabi, proceeding pro se before an Immigration Judge, moved to dismiss the removability charges.  The IJ denied Tabi's motions to dismiss and sustained the aggravated felony charge of removability.  Tabi did not file applications for

---

[1] After his release from prison, Tabi failed to report for purposes of supervised release, and, in January 2009, the District Court issued a warrant based on his parole violation. Almost 15 years later, in December 2023, Tabi was apprehended at the airport as he attempted to return to Ghana.  He later pleaded guilty to probation violation charges and was sentenced to time served and a six-month extension of the supervised release term.

relief, despite being warned by the IJ that failure to do so would result in waiver of any such claims. Accordingly, the IJ ordered Tabi's removal.

By order entered January 24, 2025, the Board of Immigration Appeals dismissed Tabi's appeal. It concluded that Tabi's conviction under § 286 "categorically qualifies as a conspiracy to commit an offense involving fraud." The Board also determined that the "record establishes by clear and convincing evidence the amount of loss to the victim caused by [Tabi's] offense was greater than $10,000."

Tabi, proceeding pro se, timely filed a petition for review. We exercise de novo review over the BIA's determination that Tabi is removable for having been convicted of an aggravated felony. *Lanoue v. Att'y Gen.*, 142 F.4th 121, 124-25 (3d Cir. 2025).

The definition of "aggravated felony" includes an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." § 1101(a)(43)(M)(i).[2] "Congress intended subsection (M)(i) to have a broad scope because that provision refers

---

[2] Tabi was also found removable under § 1101(a)(43)(U), which classifies as an aggravated felony any attempt or conspiracy to commit any substantive offense enumerated in § 1101(a)(43). We have explained that "an examination of the elements of the substantive offense [is required] when analyzing whether a conspiracy is an aggravated felony." *Al-Sharif v. U.S. Citizenship & Immigration Servs.*, 734 F.3d 207, 210 n.3 (3d Cir. 2013) (en banc). Thus, the relevant inquiry here is whether Tabi's conviction qualifies as an aggravated felony under § 1101(a)(43)(M)(i). *See Kamagate v. Ashcroft*, 385 F.3d 144, 152-53 (2d Cir. 2004) (explaining that "if the substantive crime that is the objective of a charged conspiracy fits within the aggravated felony definition of [§ 1101(a)(43)(R) (relating to counterfeiting)], the conspiracy is also an aggravated felony by virtue of subsection (U) without regard to whether the elements of the conspiracy crime themselves establish a subsection (R) offense").

to an offense that "*involves* fraud or deceit[.]"  *Bobb v. Att'y Gen.*, 458 F.3d 213, 218 (3d Cir. 2006) (emphasis in original); *see also Kawashima v. Holder*, 565 U.S. 478, 484 (2012) (noting that § 1101(a)(43)(M)(i) "refers more broadly to offenses that 'involv[e]' fraud or deceit—meaning offenses with elements that necessarily entail fraudulent or deceitful conduct").  We have noted that the "common meaning of the term 'defraud' is 'to take or withhold from (one) some possession, right, or interest by calculated misstatement or perversion of truth, trickery, or other deception.'"  *Valansi v. Ashcroft*, 278 F.3d 203, 210-11 (3d Cir. 2002) (quoting Webster's Third New International Dictionary at 593).  And when § 1101(a)(43)(M) was enacted, "the term "deceit" meant 'the act or practice of deceiving (as by falsification, concealment, or cheating).'"  *Kawashima*, 565 U.S. at 484 (quoting Webster's Third New International Dictionary at 584).

"To determine whether [an] offense[] 'involv[es] fraud or deceit within the meaning of [§ 1101(a)(43)(M)(i)], we employ a categorical approach by looking to the statute defining the crime of conviction, rather than to the specific facts underlying the crime."  *Kawashima*, 565 U.S. at 483.  Under the categorical approach, we "presume that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense."  *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (cleaned up).

As we noted, Tabi was convicted under 18 U.S.C. § 286, which provides that

4

"[w]hoever enters into any agreement, combination, or conspiracy to defraud the United States, or any department or agency thereof, by obtaining or aiding to obtain the payment or allowance of any false, fictitious or fraudulent claim, shall be fined under this title or imprisoned not more than ten years, or both." § 286. We have stated that "Section 286 specifies that only conspiracies with a particular purpose are criminal under the statute: the conspiracy must be 'to defraud.'" *United States v. Saybolt*, 577 F.3d 195, 202 (3d Cir. 2009). Tabi does not meaningfully challenge the Board's determination that his offense categorically qualifies as an aggravated felony, and, using the definitions outlined above, we conclude that the elements of an offense under § 286 "necessarily entail fraudulent or deceitful conduct." *Kawashima*, 565 U.S. at 484.

In addition, the Board correctly concluded that the Government proved by "clear and convincing" evidence that Tabi's offense of conviction resulted in a loss to the victim that exceeded $10,000. We follow a "circumstance-specific" approach to assess if an offense meets the required loss under § 1101(a)(43)(M)(i). *See Nijhawan v. Holder*, 557 U.S. 29, 34 (2009). Here, the Board properly concluded that the Government proved by "clear and convincing" evidence that Tabi's offense of conviction resulted in a loss to the victim that exceeded $10,000. *Singh v. Att'y Gen.*, 677 F.3d 503, 512 (3d Cir. 2012). Under the circumstance-specific approach, we may consider "the indictment, judgment, presentence investigation report, and any other sentencing-related material that sheds light on [Tabi's] conduct." *Rad v. Att'y Gen.*, 983 F.3d 651, 658-59 (3d Cir. 2020)

5

(internal quotation marks and citation omitted); *see also Chiao Fang Ku v. Att'y Gen.*, 912 F.3d 133, 139-40 (3d Cir. 2019). We have noted that "the plain and unambiguous language of the statute . . . predicates removal on a *convicted* offense resulting in losses greater than $10,000." *Alaka v. Att'y Gen.*, 456 F.3d 88, 106-07 (3d Cir. 2006), *overruled on other grounds by Bastardo-Vale v. Att'y Gen.*, 934 F.3d 255, 267 (3d Cir. 2019) (en banc). Tabi pleaded guilty to the sole count of the indictment, which alleged that he was responsible for at least 550 fraudulent tax returns, claiming entitlement to tax credits totaling more than $1.3 million. In determining that the losses to the IRS exceeded $10,000, the IJ and the Board relied on that indictment and on a sentencing order which stated that "the correct amount of restitution payable by [Tabi] to the [IRS] . . . is $161,207.18." *See Nijhawan*, 557 U.S. at 42-43 (finding "nothing unfair about [an IJ] rel[ying] upon earlier sentencing-related material[,]" including, in that case, a restitution order). Again, Tabi has not meaningfully contested that the loss to the victim was greater than $10,000.

For the foregoing reasons, we will deny the petition for review.[3]

---

[3] Tabi's motion to expedite is denied.