Rodden v. Wilkinson

BIA
Brennan, IJ
A042 782 847

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty-one.

PRESENT:
> AMALYA L. KEARSE,
> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
>     *Circuit Judges.*

_____

JOHN RODDEN,

>     *Petitioner,*

>     v.                                          19-3565

ROBERT M. WILKINSON, ACTING UNITED
STATES ATTORNEY GENERAL,*

>     *Respondent.*

_____

FOR PETITIONER:          NIALL MACGIOLLABHUÍ, Esq., New York, NY.

FOR RESPONDENT:          WILLIAM C. MINICK, Attorney, (Linda S. Wernery, Assistant Director, *on the brief*) *for* Ethan P. Davis, Acting

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Robert M. Wilkinson is automatically substituted for former Acting Attorney General Jeffrey A. Rosen as Respondent.

Assistant Attorney General, Civil Division; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner John Rodden, a native and citizen of Ireland, seeks review of a 2019 decision of the BIA affirming a 2018 decision of an Immigration Judge ("IJ") that ordered his removal and found him ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h). *In re John Rodden*, No. A042 782 847 (B.I.A. Sept. 30, 2019), *aff'g* No. A042 782 847 (Immig. Ct. N.Y. City Feb. 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision denying the petition.

"[W]e review the decision of the IJ as supplemented by the BIA." *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). Because Rodden was ordered removed for a crime involving moral turpitude ("CIMT") under 8 U.S.C. § 1182(a)(2)(A)(i)(I), our jurisdiction is limited to review of constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C), (D).

The Attorney General has discretion under 8 U.S.C. § 1182(h) to waive certain grounds of inadmissibility. An alien who has

2

been convicted of an aggravated felony after having been admitted for lawful permanent residence in the United States is ineligible, however, for such a waiver. *Id.*

In 2009, Rodden pleaded guilty to conspiracy to commit "any offense against the United States, or to defraud the United States," in violation of 18 U.S.C. § 371, based on his participation in a scheme involving filing false corporate tax returns. Rodden was admitted as a lawful permanent resident in 1993 and does not dispute that he is removable because of his conviction involving moral turpitude, that is, his conviction under § 371. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I). Accordingly, the only issue before us is whether his conspiracy conviction is an "aggravated felony" as defined by the Immigration and Naturalization Act ("INA"), barring him from applying for a waiver under 8 U.S.C. § 1182(h).

Whether a conviction is an aggravated felony under the INA is a question of law, on which we review the agency's decision de novo. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). For the reasons discussed below, we conclude that Rodden's offense of conviction is a fraud aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(M)(i) because first, 18 U.S.C. § 371 categorically involves fraud and deceit, and second, the record

3

contains sufficient evidence that Rodden's violation of § 371 resulted in a loss in excess of $10,000 as the INA definition of aggravated felony requires.

## I. Fraud and Deceit

A fraud aggravated felony is "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). To determine whether Rodden's conviction "involve[s] fraud or deceit[,] . . . we employ a categorical approach by looking to the statute defining the crime of conviction, rather than to the specific facts underlying the crime." *Kawashima v. Holder*, 565 U.S. 478, 483 (2012) (internal quotation marks and alteration omitted). The definition provided in § 1101(a)(43)(M)(i) is "not limited to offenses that include fraud or deceit as formal elements . . . . [It also] refers more broadly to offenses that 'involv[e]' fraud or deceit — meaning offenses with elements that necessarily entail fraudulent or deceitful conduct." *Id.* at 484. When the fraud aggravated felony provision was enacted, "the term 'deceit' meant 'the act or practice of deceiving (as by falsification, concealment, or cheating).'" *Id.*

Rodden's statute of conviction, 18 U.S.C. § 371, provides that "[i]f two or more persons conspire either to commit any

4

offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."  The parties agree that § 371 is divisible into two clauses: the "offense clause" and the "defraud clause." They further agree that Rodden pleaded guilty to an offense that falls under the defraud clause of § 371.  *See United States v. Atilla*, 966 F.3d 118, 130 (2d Cir. 2020) (observing that 18 U.S.C. § 371 is divisible and prohibits two kinds of conspiracies against the United States).  "To prove a conspiracy under the defraud clause, the government must establish (1) that the defendant entered into an agreement (2) to obstruct a lawful function of the government (3) by deceitful or dishonest means and (4) at least one overt act in furtherance of the conspiracy."  *Id.* at 130 (internal quotation marks and brackets omitted).

Rodden argues that conspiracy to defraud the United States under § 371 is not a categorical match to 8 U.S.C. § 1101(a)(43)(M)(i) because § 371 can be violated merely "by dishonest means," which he contends can be something less than deceit.  In light of the Supreme Court's decision in *Kawashima v. Holder*, 565 U.S. 478 (2012), however, this argument fails. In

5

*Kawashima*, the Court ruled that fraud and deceit need not be formal elements of an offense for the offense to "involve" fraud under the INA definition of aggravated felony. *Id*. at 483–84. We agree with the BIA that the Black's Law Dictionary definition of "dishonest" comports with the Court's broad reading in *Kawashima* of fraud and deceit under § 371: it provides that a person is "dishonest" when he displays "a lack of integrity or probity . . . and therefore [a] tend[ency] to cheat people," and that a "dishonest" action is one "not involving straightforward dealing; discreditable; underhanded; fraudulent." *Dishonest*, *Black's Law Dictionary* (11th ed. 2019), *available through* Westlaw. Accordingly, we conclude that the crime described in the defraud clause of § 371 and to which Rodden pleaded guilty categorically involves fraudulent and deceitful conduct.

## II. Loss to Victim Exceeding $10,000

In addition to involving fraud or deceit, a fraud offense is an aggravated felony under the INA only if the loss to the victim exceeds $10,000. We are satisfied that the record in Rodden's case establishes that the loss to the victim — the United States — caused by Rodden's crime exceeded $10,000.

As the applicant for relief from removal, Rodden had the burden to establish his eligibility for a waiver. *See* 8 U.S.C.

6

§ 1229a(c)(4)(A)(i).  Because there was evidence that implicated a mandatory bar — an aggravated felony conviction — to the relief he sought, the burden fell to him to prove by a preponderance that the bar did not apply.  8 C.F.R. § 1240.8(d) ("If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply.").

The "[$10,000] monetary threshold applies to the specific circumstances surrounding an offender's commission of a fraud and deceit crime on a specific occasion."  *Nijhawan v. Holder*, 557 U.S. 29, 36, 40 (2009).  "[T]he loss must be tied to the specific counts covered by the conviction."  *Id.* at 42 (internal quotation marks omitted).

Here, to establish the extent of the victim's loss, the agency relied on Rodden's criminal judgment, which imposes on him a restitution obligation of $12,729.  The criminal information and related judgment, read together, establish that Rodden pleaded guilty to one count of conspiracy to defraud the United States, and that the offense conduct ended in September 1999.  Of significance here, the information charged no other crime.

Rodden argues on appeal, as he did before the Immigration

Judge, that his plea transcript reflects that the restitution order covers conduct beyond that of the sole count of conviction. Rodden urges that the plea transcript reveals that he was "required to make restitution for the tax losses caused by the conspiracy from 1997 through 2002" and points out in contrast that his § 371 offense conduct was ruled to have ended in 1999. A.R. at 277, 301. Suggesting that the amount of the restitution order might reflect some loss in addition to that caused by this offense conduct, he observes that a sentencing court can order "restitution beyond the offense of conviction when the defendant agrees to such in a plea agreement." *United States v. Silkowski*, 32 F.3d 682, 688–89 (2d Cir. 1994) (internal quotation marks and citation omitted).

We find Rodden's suggestion unpersuasive. The record contains no indication other than the Magistrate Judge's statement during the plea hearing that Rodden would be "required to make restitution for the losses caused by the conspiracy from 1997 to 2002," A.R. 277, that any part of the restitution order is "based on acquitted or dismissed counts or general conduct" or conduct that continued beyond 1999. *Nijhawan*, 557 U.S. at 42. Rodden's criminal information contains no other counts, and no other conduct of Rodden's was discussed at the hearing. Therefore, we conclude

8

that Rodden failed to establish by a preponderance of the evidence that the restitution amount imposed did not directly result from his sole count of conviction.

Even assuming Rodden's plea agreement did include an agreement to pay some restitution based on conduct occurring after the period specified in his offense of conviction, Rodden would still not have carried his burden unless the amount of that restitution (based on something other than the conduct of conviction) equaled at least $2,729. Rodden was required to show that his offense of conviction did not cost the government more than $10,000. Unless at least $2,729 of the restitution was for something other than Rodden's conduct of conviction, the restitution order of $12,729 strongly supports the inference that the government's loss from Rodden's criminal conduct exceeded $10,000. Rodden has not introduced the plea agreement, or any other evidence, that shows that the amount of loss attributable to his conduct of conviction was less than $10,000. Therefore, we see no basis for concluding that Rodden's conviction did not cause a loss of more than $10,000 to the government; certainly Rodden has not shown otherwise. *Id.* Given the record before us, we conclude that the restitution amount reliably establishes the loss amount for purposes of 8 U.S.C. § 1101(a)(43)(M)(i). Rodden has therefore

9

been convicted of a fraud aggravated felony under the INA and is ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h).

We have considered all of Rodden's arguments and find in them no basis for reversal. For the foregoing reasons, the petition for review is hereby DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

10