**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2583
_____


ROBERT WAYNE LANOUE,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA


_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A040-235-305)
Immigration Judge: Adrian N. Armstrong

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 6, 2025


Before: HARDIMAN, BIBAS, and FISHER, *Circuit Judges*

(Filed: July 1, 2025)

Stephen C. Fleming
119 S. Burrowes Street
Suite 601
State College, PA 16801
      *Counsel for Petitioner*

Jaclyn G. Hagner
Tatiana G. Pino
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF IMMIGRATION LITIGATION
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
      *Counsel for Respondent*

————————————

OPINION OF THE COURT

————————————

BIBAS, *Circuit Judge*.

Breaking the law has consequences. For lawful permanent residents like Robert Lanoue, those can include removal from this country. He pleaded guilty to submitting false claims to the government under 18 U.S.C. § 287. Because that is categorically a crime of deceit that cost the government more than $10,000, it is an aggravated felony and thus makes him removable. And he is not eligible for an § 1182(h) waiver of removal. We will thus deny his petition for review.

## I. LANOUE FACED REMOVAL FOR DEFRAUDING THE GOVERNMENT

Lanoue, a Canadian, came to the United States nearly four decades ago as a lawful permanent resident. Almost a decade ago, he opened a scuba school with his wife. A few years later, his scuba school was accepted into a government program, funded by the post-9/11 GI Bill, that reimbursed him for teaching veterans how to scuba dive. But Lanoue lied to the government about the program's details. He pleaded guilty to "knowingly submit[ting] or caus[ing] to be submitted false and fraudulent claims for payment to the Department of Veterans' Affairs in violation of 18 U.S.C. §§ 287 and 2." AR 226. Those false claims cost the Department more than $3 million.

After Lanoue's conviction, the government started removal proceedings, claiming that his crime was an aggravated felony because it involved fraud or deceit and caused more than $10,000 in losses. Lanoue disputed both points and sought a waiver of inadmissibility. The immigration judge found both points satisfied, denied the waiver, and ordered him removed. The Board of Immigration Appeals dismissed the appeal. We review constitutional or other legal challenges de novo, but otherwise lack jurisdiction to review the aggravated-felony finding and the denial of a waiver. 8 U.S.C. § 1252(a)(2)(B)(i), (C), (D); *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017).

## II. FILING FALSE CLAIMS IS AN AGGRAVATED FELONY INVOLVING DECEIT

Before we reach the merits, we first face a threshold issue. The government says Lanoue's Third Circuit brief forfeited his challenge to whether his crime involved deceit. We disagree

3

because Lanoue's opening brief contests this part of the Board's holding. The Board held that 18 U.S.C. §287 categorically involves deceit. Though Lanoue's brief should say more, it does argue that the crime requires only an intent to mislead, not an intent to deceive. That is enough to preserve the issue for our review.

On the merits, though, Lanoue's arguments fail. When an alien commits certain crimes, he is deportable. 8 U.S.C. §1227(a)(2). One such kind of crime is "an aggravated felony." §1227(a)(2)(A)(iii). Lots of crimes count as aggravated felonies, but one is relevant here: "an offense that … involves fraud or deceit in which the loss to the victim … exceeds $10,000." §1101(a)(43)(M)(i). We must decide if Lanoue's conviction under 18 U.S.C. §287 is (1) a crime of deceit that (2) caused the government to lose more than $10,000. We need not say anything about whether his crime involved fraud because deceit alone is enough to satisfy the aggravated felony bar in 8 U.S.C. §1101(a)(43)(M)(i) (requiring only "fraud *or* deceit" (emphasis added)). *See Rad v. Att'y Gen.*, 983 F.3d 651, 659, 666 (3d Cir. 2020).

Lanoue's crime categorically requires deceit. Under the categorical approach, to decide whether §287 is a crime of deceit, we compare it to the generic federal definition of a crime of deceit, "while ignoring the particular facts of th[is] case." *Mathis v. United States*, 579 U.S. 500, 504 (2016). Though no federal statute lays out the elements, an offense is a crime of deceit if the statute's required actions (actus reus) and mental state (mens rea) "necessarily entail … deceitful conduct." *Kawashima v. Holder*, 565 U.S. 478, 484 (2012); *see also Larios v. Att'y Gen.*, 978 F.3d 62, 69–70 (3d Cir. 2020) (explaining

4

that where no federal statute gives a definition with which to match a state crime, we focus on the state statute's actus reus and mens rea).

Both § 287's actions and mental state entail deceit. It applies to anyone who (1) makes a claim against the federal government (2) "knowing such claim to be false, fictitious, or fraudulent." 18 U.S.C. § 287. The action is submitting a false claim for the government to pay. The mental state requires lying because the claimant must know the claim is false. That is exactly what "deceit" means: "the act of intentionally giving a false impression" by "falsification, concealment, or cheating." *Rad*, 983 F.3d at 659. There is no way to violate § 287 without committing deceit. So § 287 is categorically a crime of deceit.

### III. LANOUE'S FALSE CLAIMS COST THE VICTIM MORE THAN $10,000

Lanoue also disputes whether the government's loss exceeded $10,000. 8 U.S.C. § 1101(a)(43)(M)(i). We look at the actual loss that the defendant caused, which the government must prove by clear and convincing evidence. *Wang v. Att'y Gen.*, 898 F.3d 341, 348–49 (3d Cir. 2018). The government has proven that loss. Lanoue stipulated that his false claims cost the government between $1.5 and $3.5 million. *See Nijhawan v. Holder*, 557 U.S. 29, 42–43 (2009) (considering a stipulation as permissible evidence of loss). And in his plea agreement, he pegged the loss requiring restitution at more than $3 million. *See id.* at 43 (considering a restitution order as evidence of loss).

Lanoue argues that the loss amount should be lower than that amount of restitution because he used all the VA money on classes for veterans. His story is that the problem with his

5

program was just that it did not have enough non-veterans enrolled. But compliance with the program's rules is mandatory to receive funding in the first place. Plus, Lanoue agreed in his plea that he had "falsely represented the hours of instruction received by veteran[s]." AR 222. Finally, Lanoue insists that he could not have personally caused such losses because he was part of a larger scheme. But the restitution order broke down the responsibility of each defendant and held him jointly and severally liable for the full amount. And he has no evidence to overcome the government's strong evidence to the contrary.

### IV. LANOUE IS NOT ELIGIBLE FOR A §212(H) WAIVER

As a fallback, Lanoue argues that he may apply retroactively for a waiver to let him reenter the United States. After the government started investigating his false claims, he thrice left the United States and thrice returned. So he says that each time he reentered, he "should have been identified … as an 'applicant for admission' and been able to prosecute an INA §212(h) waiver." Pet'r's Br. 40. A §212(h) waiver can let somebody who was inadmissible because of a prior criminal conviction enter the United States anyway and stay in the country.

Not so. To be sure, 8 U.S.C. §1182(h) lets the Attorney General waive inadmissibility for aliens seeking admission who have committed certain crimes. But Lanoue does not qualify. To qualify, a lawful permanent resident either must have been convicted of a crime at the time that he entered or must admit to one then. 8 U.S.C. §1101(a)(13)(C)(v); *Vartelas v. Holder*, 566 U.S. 257, 275 & n.11 (2012). But each time he reentered, Lanoue had neither been convicted of filing false claims nor admitted to doing so. It is not enough that the

6

government was investigating or even prosecuting him then. *See Vartelas*, 566 U.S. at 257 n.11. Because he did not qualify for a waiver then, he cannot qualify for one retroactively now.

*****

Filing false claims against the government under 18 U.S.C. §287 is categorically a crime involving deceit. And the government proved that Robert Lanoue's false claims cost the victim far more than $10,000. So the crime is an aggravated felony under 8 U.S.C. §1101(a)(43)(M)(i), making him removable. Because he does not qualify for a waiver, we will deny the petition.